<u>NOT FOR PUBLICATION</u>

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| GOTHAM CITY ORTHOPEDICS, LLC, | |
| Plaintiff, | Civil Action No. 20-14915 (SDW)(LDW) |
| v. | **OPINION** |
| AETNA INC., AETNA HEALTH INC., AETNA LIFE INSURANCE COMPANY, AETNA INSURANCE COMPANY OF CONNECTICUT, NON-NEW JERSEY AETNA PLANS 1-10 and JOHN DOES 1-10, | April 19, 2021 |
| Defendants. | |

**WIGENTON**, District Judge.

Before this Court is Defendants Aetna, Inc., Aetna Health Inc., Aetna Life Insurance Company, Aetna Insurance Company of Connecticut, and Non-New Jersey Aetna Plans 1-10's (collectively "Defendants" or "Aetna") Motion to Dismiss (D.E. 14-1) Plaintiff Gotham City Orthopedics, LLC's ("Plaintiff") Complaint (D.E. 1, Ex. A ("Compl.")) pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6).  Jurisdiction is proper pursuant to 28 U.S.C. § 1332.  Venue is proper pursuant to 28 U.S.C. § 1441(a) and 1445(a).  This opinion is issued without oral argument pursuant to Rule 78.  For the reasons stated herein, Defendants' Motion is **GRANTED**.

## I.      BACKGROUND AND PROCEDURAL HISTORY

Plaintiff is an orthopedic medical practice that operates in Passaic County, New Jersey. (Compl. ¶¶ 1, 7.)  Plaintiff provided out-of-network "emergent, medically necessary surgical and medical services" to five patients (the "Patients") who were "covered under their employers'

[Aetna] health insurance plan[s] and entitled to health benefits under these plans." (D.E. 1, ¶¶ 5, 8; Compl. ¶¶ 10, 21, 32, 43, 54, 70.) Plaintiff asserts that this required medical care "ar[ose] out of" the Patients' admission to "in-network facilit[ies]." (Compl. ¶¶ 15, 26, 37, 48, 59.) On September 14, 2020, asserting that Defendants underpaid Plaintiff for the medical services provided to the Patients, Plaintiff filed a Complaint in the Superior Court of New Jersey bringing state common law and statutory claims.[1] (*See* Compl.)

On October 23, 2020, Defendants removed the Complaint to this Court. (*See* D.E. 1.) Defendants moved to dismiss on February 12, 2021, alleging that Plaintiff has failed to state claims upon which relief can be granted, in part because the claims are federally preempted by the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C.A. § 1001 *et seq.* (D.E. 14.) Plaintiff filed its opposition on March 22, 2021, and Defendants replied on March 29, 2021. (D.E. 20; D.E. 21.)

## II.    STANDARD OF REVIEW

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This Rule "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted); *see also Phillips v. Cty. of Allegheny*, 515 F.3d 224, 232 (3d Cir. 2008) (stating that Rule 8 "requires a 'showing' rather than a blanket assertion, of an entitlement to relief"). In considering a Motion to Dismiss under Rule 12(b)(6), the Court must "accept all factual allegations as true, construe the complaint in the light most favorable to the

---

[1] The Complaint contains some references to Cigna, which seem to be in error. (*See* Compl. ¶ 4.)

plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips*, 515 F.3d at 231 (external citation omitted).  However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009) (discussing the *Iqbal* standard).

## III.   DISCUSSION

### A.  Counts I-IV

Because ERISA was intended as a "broad…remedial scheme," *Schiffli Embroidery Workers Pension Fund v. Ryan, Beck & Co.*, 869 F. Supp. 278, 285 (D.N.J. 1994), "[g]enerally, a state law that 'relates to' an ERISA-governed plan is preempted," *Levine v. United Healthcare Corp.*, 402 F.3d 156, 164 (3d Cir. 2005) (citing ERISA, § 514(a), 29 U.S.C. § 1144(a) ("Section 514")).  "State law" is statutorily defined as "all laws, decisions, rules, regulations, or other State action having the effect of law, of any State." 29 U.S.C. § 1144(c)(1).  "State common law claims fall within this definition . . . " *Atl. Shore Surgical Assocs. v. Horizon Blue Cross Blue Shield of N.J.*, Civ. No. 17-07534, 2018 WL 2441770, at *3 (D.N.J. May 31, 2018) (citation omitted).  When considering whether a state law "relates to" a benefit plan, courts assess the extent to which the law "has a connection with or reference to such a plan." *Rutledge v. Pharm. Care Mgmt. Ass'n*, 141 S. Ct. 474, 479 (2020) (citation omitted).  This requires considering whether analyzing the plan would be "a critical factor in establishing liability" under the state law, and whether the "court's inquiry would be directed to the plan" when assessing the claims.  *See 1975 Salaried Ret. Plan for Eligible Emps. of Crucible, Inc. v. Nobers*, 968 F.2d 401, 406 (3d Cir. 1992).

Here, Plaintiff's common law claims clearly "relate to" the Patients' Aetna ERISA plans.[2] *See* 29 U.S.C. § 1144(a). Courts routinely hold that when a party challenges the denial of ERISA benefits, but restyles those claims as common-law causes of action based on breach of contract, the implied covenant of good faith and fair dealing, promissory estoppel, or quantum meruit, those claims are preempted. *See, e.g.*, *Sleep Tight Diagnostic Ctr., LLC v. Aetna Inc.*, 399 F. Supp. 3d 241, 250 (D.N.J. 2019); *Urbanik v. ITT Corp.*, Civ. No. 09-00627, 2009 WL 2132434, at *4 (D.N.J. July 13, 2009); *Schmelzle v. Unum Life Ins. Co. of Am.*, Civ. No. 08-0734, 2008 WL 2966688, at *3 (D.N.J. July 31, 2008). Plaintiff's Complaint is generally premised on Defendants' alleged wrongful denial of the Patients' benefits under their Aetna ERISA plans. (*See* Compl.) For example, the Complaint repeatedly acknowledges that the Patients were insured under ERISA plans and demands payment according to those plan benefits. (*See, e.g.*, *id.* ¶¶ 54 (patient was "insured through [] Aetna Open Choice POS II"), 79 ("Aetna knew … that their members and beneficiaries are entitled to be covered for out-of-network emergency care"), 91 (discussing the "claims and issue benefits" of "Aetna's Plans though which Aetna's insureds receive benefits")).)

---

[2] Curiously, although diversity jurisdiction exists in this case (*see* D.E. 1) and Plaintiff has not challenged removal or filed a motion to remand, Plaintiff seems to rely almost entirely on the complete preemption doctrine to challenge this motion to dismiss. (*Compare* D.E. 20 at 7 *with* D.E. 21 at 2 ("Unlike complete preemption, which creates jurisdiction where none would otherwise exist, express preemption merely displaces state claims and subjects them to dismissal.").)

Here, this Court must assess whether Plaintiff's claims are expressly preempted under Section 514, and cases like those cited by Plaintiff assessing motions to remand are largely inapposite. *See Aetna Health Inc. v. Davila*, 542 U.S. 200, 200 (2004) (assessing a lower court decision regarding a motion to remand); *McCulloch Orthopaedic Surgical Servs., PLLC v. Aetna Inc.*, 857 F.3d 141, 145 (2d Cir. 2017) (same); *Progressive Spine & Orthopaedics, LLC v. Anthem Blue Cross Blue Shield*, Civ. No. 17-536, 2017 WL 4011203, at *6 (D.N.J. Sept. 11, 2017) (deciding case on motion to remand*); E. Coast Advanced Plastic Surgery v. Horizon Blue Cross Blue Shield of N.J.*, Civ. No. 18-7718, 2018 WL 6178869, at *1 (D.N.J. Nov. 26, 2018) (same); *but see Atlantic Shore Surgical Associates v. United Healthcare/Oxford*, Civ. No. 18-9506, 2019 WL 1382103, at *4 (D.N.J. Jan. 23, 2019) (discussing complete preemption and express preemption) and *Advanced Orthopedics & Sports Med. Inst. v. Empire Blue Cross Blue Shield*, Civ. No. 17-08697, 2018 WL 2758221, at *6 (D.N.J. June 7, 2018) (dismissing Plaintiff's claims as expressly preempted because they "require reference to the plan").

The Complaint does not suggest any circumstances that would remove Plaintiff's claims from the ERISA plans' scope and allow them to survive preemption. *Compare Haghighi v. Horizon Blue Cross Blue Shield of N.J.*, Civ. No. 19-20483, 2020 WL 5105234, at *5 (D.N.J. Aug. 31, 2020) (dismissing breach of contract claim where "Plaintiffs ha[d] not alleged the existence of an independent agreement from the Plan") *with Jewish Lifeline Network, Inc. v. Oxford Health Plans, Inc.*, Civ. No. 15-0254, 2015 WL 2371635, at *5 (D.N.J. May 18, 2015) (determining that, due to the Defendants' express promises regarding specific coverage, Plaintiff's claims were sufficiently removed from the ERISA plan). Although Plaintiff relies on the fact that its claims were brought in an individual capacity, the Complaint does not suggest any separate contractual relationship between Plaintiff and Defendants or assert that Defendants proffered any specific representations to Plaintiff (beyond the mere existence of the ERISA plans themselves). (*See* Compl.) As for Plaintiff's quantum meruit claim, "the insured individual, rather than the insurer, derives the benefit from a healthcare providers' provision of medical services." *Haghighi*, 2020 WL 5105234, at *5. Thus, each of Plaintiff's common law claims must be dismissed.

## B. Count V

For similar reasons, Plaintiff's state statutory claim is also federally preempted. *See Advanced Orthopedics & Sports Med. Inst. v. Empire Blue Cross Blue Shield*, Civ. No. 17-08697, 2018 WL 2758221, at *6 (D.N.J. June 7, 2018); *Cohen v. Horizon Blue Cross Blue Shield of N.J.*, Civ. No. 15-4528, 2017 WL 1206005, at *3 (D.N.J. Mar. 31, 2017). This Court must interpret Section 514 "in light of the congressional intent to create an exclusive federal remedy in ERISA § 502(a). Under ordinary principles of conflict pre-emption, then, even a state law that can arguably be characterized as 'regulating insurance' will be pre-empted if it provides a separate vehicle to assert a claim for benefits outside of, or in addition to, ERISA's remedial scheme." *Aetna Health*

*Inc. v. Davila*, 542 U.S. 200, 217-18 (2004); 29 U.S.C. § 1144(a).  Therefore, state laws that are "specifically directed toward entities engaged in insurance" or that "substantially affect the risk pooling arrangement between the insurer and the insured" may be preempted.  *Ky. Ass'n of Health Plans, Inc. v. Miller*, 538 U.S. 329, 342 (2003).

The administrative regulations listed in Count V are preempted by ERISA.  Each regulation "would affect the 'types of benefits provided by an ERISA plan,'" *Cohen*, 2017 WL 1206005, at *3 (discussing ERISA's preemption of N.J.A.C. 11:24–5.3), and assessing their application would "require reference" to the Patients' Aetna plans, *Advanced Orthopedics*, 2018 WL 2758221, at *6 (discussing ERISA's preemption of N.J.A.C. 11:22–5.8, 11:24–5.1, 11:24–5.3, and 11:24–9.l). "Indeed, the New Jersey regulations at issue here explicitly require an evaluation of whether the services for which reimbursement are sought are covered . . . ." *Advanced Orthopedics*, 2018 WL 2758221, at *6.  For example, Plaintiff asserts that Defendants "did not pay … the amount due," which requires referring to "the Plan's out-of-network reimbursement provision[s]."[3]  *Id.*; (*see, e.g.*, Compl. ¶¶ 18 (alleging that Defendants "drastically underpaid" Plaintiff), 103-06 (asserting that Plaintiff was not "paid a large enough amount").)  Thus, Count V must also be dismissed.[4]

---

[3] This Court notes that Plaintiff's opposition does not provide specific argument regarding the individual regulations listed in the Complaint or make a meaningful effort to distinguish Defendants' case law that identifies those same statutes as preempted by ERISA.  (*See* D.E. 20 at 13-14, 23-28.); *cf. North Jersey Brain & Spine Center v. Aetna Life Ins. Co.*, Civ. No. L-5817-18, 2019 WL 4889507, at *11–12 (N.J. Super. L. Oct. 1, 2019) (refraining from dismissing claims based on ERISA preemption where plaintiffs "allege they ***received preauthorization*** from the respective plans as to coverage for the services to be provided and for payment of the Plaintiffs' UCR charges") (emphasis added); *Jeff Pan, MD, PC v. Aetna Life Ins. Co.*, Civ. No. 7273-18, 2019 WL 4889506, at *13 (N.J. Super. L. Oct. 1, 2019) (noting that "[t]he Complaints allege communications ***seeking preauthorization*** for hospital services to be rendered by the Plaintiffs, followed by authorization by the Defendants or a notification that such authorization was not necessary in light of the emergent nature of the services and the legal requirements imposed on both parties.") (emphasis added).

[4] As Counts I-V are preempted by ERISA, this Court refrains from assessing whether each count has been sufficiently pleaded according to Rule 12(b)(6).

## <u>CONCLUSION</u>

Defendant's Motion to Dismiss is **GRANTED**.  An appropriate order follows.

<u>     /s/ Susan D. Wigenton     </u>
**SUSAN D. WIGENTON, U.S.D.J.**

Orig:   Clerk
cc:   Parties
   Leda D. Wettre, U.S.M.J.